GLENN AGRE BERGMAN & FUENTES

Andrew K. Glenn
aglenn@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1600

September 25, 2026

**Via ECF**

The Honorable Paul G. Gardephe
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *ALCOF III NUBT, L.P., et al. v. Chirico, et al.*, No. 1:24-cv-09692-PGG (S.D.N.Y.)

Dear Judge Gardephe:

We write on behalf of Plaintiffs respectfully to request that the Court stay the deadline for Defendants' motion to dismiss (ECF No. 30) pending the Court's decision on Plaintiffs' previously filed and still pending remand motion (ECF No. 13), which would make the motion to dismiss unnecessary.

Defendant McGrath removed this case on December 17, 2024, invoking this Court's jurisdiction based solely on diversity of citizenship. On January 7, 2025, Plaintiffs moved to remand this case to the Supreme Court of the State of New York. ECF No. 13. Plaintiffs' remand motion, now pending for approximately twenty months, remains unresolved.[1] As Plaintiffs alleged in the complaint and further demonstrated in their remand motion, diversity jurisdiction does not exist because certain Plaintiffs and Defendant McGrath are citizens of the same state. *See* ECF No. 14 at 10-14.

Plaintiffs respectfully submit that a prompt remand of this case to state court will enable the parties to litigate their dispute more efficiently. As discussed in the remand motion, another Avaya lender has brought an action against Defendants, which is pending in New York state court, asserting substantially similar claims involving contemporaneous transactions as those asserted by Plaintiffs. *Brigade Cavalry Fund Ltd., et al. v. Chirico, et al.*, Index No. 655678/2024 (N.Y. Sup. Ct.) ("Brigade Action"). On December 4, 2025, the New York State Court Appellate Division ordered a stay of discovery in the Brigade Action "pending the federal court's determination of a motion to stay discovery in this action while the federal court considers motions to dismiss in the federal action." *Brigade*, Dkt. No. 127. On September 1, 2026, this Court resolved the motion to dismiss in the federal action. *See Jiang v. Chirico, et al.*,

[1] Plaintiffs previously submitted a letter on May 28, 2025, 120 days after the remand motion had been fully briefed, to bring the motion to the Court's attention pursuant to the Individual Rule of Practice IV.H. ECF No. 27.

GLENN AGRE BERGMAN & FUENTES

No. 23-cv-01258-PGG (S.D.N.Y.), ECF No. 140. The Court also denied as moot Brigade's request for an expedited briefing schedule on Defendants' anticipated motion to stay discovery in the Brigade Action. *Id.* In light of that order, discovery in the Brigade Action may commence shortly. Given the substantial overlap between the claims asserted in the Brigade Action and this case, a prompt remand of this case to the New York state court will enable all parties in the Brigade Action and this case to coordinate on discovery and achieve significant efficiency on both sides.

Accordingly, in the interest of judicial economy and to avoid unnecessary briefing on a motion to dismiss in this Court, Plaintiffs respectfully request that the Court stay the deadline for Defendants' motion to dismiss pending the Court's decision on Plaintiffs' remand motion.

Respectfully submitted,

*/s/ Andrew K. Glenn*
Andrew K. Glenn

Cc: All Counsel of Record (via ECF)

**MEMO ENDORSED:** The application is granted. The deadline for Defendants' motion to dismiss is stayed pending the resolution of Plaintiffs' motion to remand to state court (Dkt. No. 13).

SO ORDERED.

Paul G. Gardephe
United States District Judge

Dated: September 28, 2026